BEFORE THE FIRST DIVISION, FEBRUARY 6, 1952

**No. 56359.**—Brier Manufacturing Co. v. United States, protests 139314–K, etc. (New York).

OLIVER, Chief Judge:   The merchandise before us, consisting of certain glass articles, was classified for duty at 60 per centum ad valorem under paragraph 218 (f), Tariff Act of 1930, as articles in chief value of glass.   They are claimed properly dutiable as imitation semiprecious stones, faceted, at 20 per centum ad valorem under the provisions of paragraph 1528, Tariff Act of 1930.   The involved paragraphs, insofar as pertinent to the present issue, read as follows:

PAR. 218. (f) * * * and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground * * * painted * * * 60 per centum ad valorem.

PAR. 1528. * * * imitation semiprecious stones, faceted, * * * 20 per centum ad valorem * * * .

Illustrative of the articles before us are the samples contained in collective illustrative exhibit 1 and illustrative exhibit 3. A consideration of these items will cover the entire importation. Two items of this merchandise, as represented by collective illustrative exhibit 1, consists of a square and a round pale-blue glass article, measuring approximately 1½ inches in diameter. The edge, or rim, is of plain opaque-blue glass. In the center is a smooth, raised portion of the solid-blue glass base material. The raised center part is rimmed with a fine gold edging, not solid, but simulating a broken line or a series of small inserts. Radiating from this rim and extending to a similar gold rim near the outer edge is a geometric design in various colors, i. e., green, red, and black. In the center of the solid-black portions there are small gold dots. Between the angles of the design are raised leaf or flower designs. The entire effect is of a mosaic, which is to say that the same effect would be produced by inserting small pieces of colored glass in the described design. The back of each of these samples has the center indented with the interior scored. The purpose of this, as set forth in the record, is to give a better surface for cement to adhere to in mounting the article for final use as a pin or brooch. The outer edge of the under side has certain triangular markings, described by the plaintiff's witnesses as facets. These so-called facets are not seen when the article is mounted. They were placed there, in the opinion of some of the witnesses, for the sole purpose of obtaining a lower rate of duty. A third sample, similar in general appearance to the above-described items, circular in shape and much smaller in size, measures about three-fourths of an inch in diameter. This item resembles a button. The rear has the so-called diamond facets in the center of the back and has a hole in the center extending into but not through the article. Similar items in round and oval shapes of red glass were also imported and samples are before us (illustrative exhibit 3). The other three items, part of collective illustrative exhibit 1, are made of milky-white glass. One is circular in shape, flat on the back, with convex top, with a multicolored flower design using yellow, red, blue, and green colors. The rim is circled with three rows of broken white circles with space filled in black. A similar item is oblong in shape, measuring about 1¹⁄₁₆ inches by 1³⁄₁₆ inches. The last of these white items is a smaller, circular, button-like item with a hole in the center of the back extending into but not through the article. All these articles are opaque. The above-detailed description of these articles is set forth so that their general appearance can be envisioned in the light of the claims made and our decision herein.

Plaintiff and defendant introduced the testimony of two witnesses each. The testimony, as is usually the case where the question of imitation precious or semiprecious stones is before us, was addressed principally to whether or not the imported articles were imitation semiprecious stones and, if so, whether the markings on the back of such articles as were marked, were facets. In view of our decision herein, it is not necessary to discuss the question of faceting. There is testimony by plaintiff's witnesses that these articles are in imitation of such semiprecious stones as red coral, white agate, and turquoise, and that they resemble such stones in color and texture. It is not claimed that the center raised colored portion in those articles containing such a portion, is an imitation semiprecious stone. The claim is that the *entire article* is such an imitation semiprecious stone. This is so obviously erroneous that it would seem unnecessary

to go into the question at any great length. These articles clearly simulate or imitate mosaics and a mosaic is not a semiprecious stone. Funk & Wagnalls New Standard Dictionary defines a "mosaic" as—

* * * A kind of tessellated or inlaid work composed of bits, squares, or cubes of stone, glass, enamel, etc., combined so as to form an artistic pattern for wall-decoration or pavements, and used also for other purposes, as for table-tops or *jewelry*. [Italics added.]

The merchandise before us is used for making jewelry, such as pins, brooches, and earrings. A mosaic is never found in nature. It is a manufactured article. A mosaic might well be made up of small pieces of semiprecious stones or even of small stones, but the resulting product would still be a mosaic and not a stone. A mosaic does not appear in any list of semiprecious stones so far as we can find.

We find and hold, therefore, that the articles here before us are not imitation semiprecious stones. It follows that it is immaterial whether they are or are not faceted. We further find and hold these articles to be articles in chief value of glass and properly dutiable at 60 per centum ad valorem under paragraph 218 (f), Tariff Act of 1930, as assessed. The protests are overruled. Judgment will issue accordingly.